In the Matter of HYMAN ASHEROFF, Petitioner, *v.* PARKING VIOLATIONS BUREAU OF THE TRANSPORTATION ADMINISTRATION OF THE CITY OF NEW YORK, Respondent.

First Department, April 18, 1972.

*Hyman Asheroff*, petitioner in person.

*Jay Furman* of counsel (*Stanley Buchsbaum* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for respondent.

CAPOZZOLI, J. In this article 78 proceeding petitioner seeks review of a determination of the Parking Violations Bureau which found him guilty of violating subdivision (e) of section 93 of the traffic regulations, established by the Commissioner of Traffic.

An examination of section 93 of the regulations discloses that it is entitled " Parking Meters ". It contains subdivisions (a) to (h). Subdivisions (a), (b), (d), (f) and (g) spell out the particular acts which constitute a violation of each subdivision. But the notice served upon the petitioner does not specify a violation of any of these subdivisions. The only subdivision which the petitioner is charged with having violated is subdivision (e) of section 93. A reading of that section discloses that it does not prohibit any particular act. It reads as follows: " (e) The provisions of this section shall not relieve any person from the duty to observe other and more restrictive prohibitions, restricting or limiting the stopping, standing, or parking of vehicles in specified places or at specified times."

It must be noted that no conduct is spelled out which could be understood to be violative of any subdivision of section 93. It is merely informative as to the procedure to be followed in the application and construction of the contents of the section.

Section 883a–4.0 of the Administrative Code of the City of New York provides in part as follows: " A copy of each notice of violation served shall be filed and retained by the

bureau, and shall be deemed a record kept in the ordinary course of business, and shall be prima facie evidence of the facts contained therein.''

Accordingly, when the hearing was held, the hearing officer accepted as true the facts recited in the notice of violation, which was served on the petitioner. Other than the identification of the meter maid, the time of the alleged violation, the location and other facts not relevant to the issue which is being discussed, the most important part of the notice is that portion of it which is intended to inform petitioner of the particular conduct charged against him which was in violation of a particular law or rule.

On the face of the notice there appears, in capital letters across the page, the following:

'' THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS ''.

Underneath same there are a number of boxes in which notations can be made in handwriting. The one involved herein contains the printed word, in capital letters, '' PARKING ''. In this box there is written, presumably in the handwriting of the meter maid, the following: '' DNP METER '', and later, in the box reserved for notation of the particular section claimed to have been violated by the petitioner, there is the notation: '' 93 E ''. Other than what has already been quoted, there is nothing else contained in the notice which would give to the petitioner any additional information as to the charge against him.

From the above it appears that the petitioner was charged with some kind of a violation of meter parking rules, particularly violation of subdivision (e) of section 93 of the traffic regulations.

The evidence before the hearing officer consisted of the testimony of the petitioner and the facts set forth in the notice of violation. The petitioner testified that the meter was covered with an ordinary grocery bag upon which was written the words '' broken meter ''. If we interpret the quote from the notice which reads '' DNP METER '', in the light of the testimony given, we would assume that it was intended to inform the petitioner that the meter was inoperative because it was broken. Did he violate any traffic rule by having parked at this meter? If so, what rule is it and where is it found? The only information conveyed to the petitioner is the notation in the notice that he violated subdivision (e) of section 93. But this subdivision does not inform the petitioner, or anyone else who reads it, as to what particular behavior or conduct is prohibited

and says nothing about not parking at a broken meter. In fact, an examination of the traffic regulations discloses no subdivision which prohibits parking at a place where the meter is broken. If it was the intention of the Department of Traffic to make such parking a violation, it was simple enough to say so. Nowhere in the regulations do we find such a prohibition. Certainly it is not found in subdivision (e) of section 93, which is the only charge against petitioner.

We are dealing with a regulation which is *malum prohibitum.* Statutes or regulations of this character are expected to clearly spell out what acts are deemed in violation of same. They should be strictly construed and require strict proof of the commission of the offense charged. (*People* v. *Werner,* 174 N. Y. 132.)

In the last cited case the court said (p. 134) : '' The general rule that the criminal intention is the essence of the crime does not apply to such prohibited acts; but while that is so, such statutes ought to be strictly construed and the People required to give strict proof of the commission of the offense.''

In *People* v. *Benc* (288 N. Y. 318, 323), the court said: '' Statutes which are penal in character must be narrowly and strictly construed and in manner not to embrace cases which do not clearly fall within their terms. \* \* \* ' Acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of the legislative intent to make them criminal ' (*People* v. *Shakun,* 251 N. Y. 107, 113). The evidence here clearly shows that the defendants were not within the purpose, intent and coverage of the ordinance.''

Also, see, *People* v. *Vetri* (309 N. Y. 401, 406) where the court cited with approval a statement appearing in the opinion of *People* v. *Phyfe* (136 N. Y. 554): '' ' The citizen is entitled to an unequivocal warning before conduct on his part, which is *not malum in se,* can be made the occasion of a deprivation of his liberty or property.' ''

For the reasons above given we conclude that the determination of the Parking Violations Bureau, finding the petitioner guilty of illegal parking, be annulled, with costs and disbursements to be paid by respondent, and that respondent is also directed to return to petitioner the fine heretofore collected from him.

McGivern, J. P. (dissenting). I would confirm. The petitioner knew there was a violation. The city was acting within the scope of its basic police power, and the exercise thereof by a meter maid.

MARKEWICH, KUPFERMAN and MURPHY, JJ., concur with CAPOZZOLI, J.; McGIVERN, J. P., dissents in an opinion.

Determination of respondent, dated June 25, 1971, annulled, on the law, respondent directed to return to petitioner the fine heretofore collected from him, and petitioner shall recover of respondent $50 costs and disbursements of this proceeding.