Jack Mackston, J.
The above defendants, represented by the same attorney, have initiated an omnibus motion to dismiss the respective informations contained in: (1) Docket No. 893/72 against Jerome Halpern and Lillian Udelefsky jointly, alleging a violation on July 12, 1972, of chapter 10, article 8, Section 10-814.3(3) of the Municipal Code of the City of Long Beach (promulgated by Ordinance No. 1038/71 as amended by Ordinance No. 1132/72); and (2) Docket No. 1339/73 against Lillian Udelefsky, alleging a violation on July 16, 1973, of chapter 10, article 8, section 10-810.1 (promulgated by Ordinance No. 1140/72).
On July 12, 1972, section 10-814.3(3) provided: “ Every non-fireproof building used in whole or in part as a hotel or rooming house, irrespective of when such building may have been constructed or altered, shall not later than October 1, 1971, be provided, by the owner, with an automatic sprinkler system throughout the entire structure.”
Section 10-810.1 (b) (3) is a renumbered amendment of section 10-814.3(3).
The charges in each case referred to above are similar in nature alleging that the respective defendants, as owners of a rooming house, failed to provide an automatic sprinkler system throughout the subject premises consonant with the requirements of law.
The defendants, their attorney, and the Assistant Corporation Counsel have stipulated to the facts as follows: that on July 12, 1972, and July 16, 1973, the dates of alleged violation, defendants Halpern and Udelefsky owned a multiple dwelling *792 located at 416 iW. Penn Street, Long Beach, New York (having purchased the same in 1947); that there was a sprinkler system in the common hallways of said premises but absent in those rooms and areas that are alleged in the respective informations; that the building was three stories in height and contained approximately 16 separate rooms, the majority of which had independent living and .sanitary and sleeping facilities for separate occupancy, and was so used since prior to 1957; that the structure was a nonfireproof building constructed prior to 1930. The facts also reveal the approximate sums spent for alterations and repairs over the years.
The basis of the motion to dismiss is twofold:
Firstly, that the local city ordinances defendants are charged under violate section 386 of the Executive Law of the State of New York, which precludes a municipality, that has adopted the New York State Building Construction Code (9 NYCBR. Parts 600-1300 (hereinafter referred to as Code) from enacting an ordinance with provisions more restrictive than contained in said Code.
Such contention would be correct, assuming the sprinkler system requirements of the ordinance were more restrictive than the Code, provided the latter were applicable directly to the subject property. However, it was not.
Although the Code was adopted by the City of Long Beach on August .6, 1957, neither the “ Multiple Dwellings ” nor the “General Building Construction” provisions thereof applied to the property here involved, on the days of the alleged violation.
That conclusion is based upon the following analysis: the agreed facts indicate that on the dates in question, the property was a multiple dwelling within the definitions of B 108-3 (9 NYCBR 703.3) of the Code. However, section B 105-2.1 (9 NYCBR 701.2[a]) thereof excludes from coverage .any such building occupied as a multiple dwelling at the time of the Code’s adoption, where costs of alterations or repairs subsequently made, within any 12-month period, do not exceed 50% of replacement cost of the building at the beginning of that 12-month period.
In the case at :bar, the facts show the property has been used as a rooming house since prior to 1957, when the Code was adopted; and that subsequent alterations and repairs did not exceed the formula referred to above. Thus the ‘ ‘ Multiple Dwellings ” provisions of the Code do not govern.
*793 Nor are the “General Building Construction” provisions of the Code applicable. Section C 105-2.1 (9 NYCRR 801.2 [a]) thereof states that -the “General Building” provisions are applicable to: “ business, mercantile, industrial, storage, assembly, institutional, and miscellaneous occupancy and uses ’ ’.
The words “ miscellaneous occupancy ” will not be expanded to include multiple dwellings which are dealt with elsewhere in the Code, and for the further reason that the rule of ejusdem generis (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 2391, subd. b), provides that general language following specific phrases is limited in scope by the latter.
The court finds that the applicable statutory requirements for automatic sprinklers pertaining to the subject property at the time of the adoption of the Code in 1957, was contained in section 62 of the Multiple Residence Law of the State of New York. That section was not rendered inoperative by adoption of the Code since the latter did not, at the time of its adoption, govern the subject property. (Multiple Residence Law, § 329, subd, 2.)
If would be unreasonable to assume that the Legislature intended the Code to replace the Multiple Residence Law in cases where the former did not apply to certain specific properties.
At the time of the alleged ,violations, the fire prevention requirements for the subject property were governed: (1) in the case of Docket No. 893/72, by section 10-814.3 (Ordinance No. 10381/71, as amended by Ordinance No. 1132/72); and (2) Docket No. 1339/73 by section 10-810.1 (b) (Ordinance No. 1140/72).
The fact that these ordinances may be more restrictive than the Code or Multiple Residence Law is of no consequence for although section 386 of the Executive Law prohibits enactment of an ordinance more restrictive than the Code, where such Code is applicable, no such restriction is contained in the Multiple Residence Law. In fact the latter specifically authorizes ■more restrictive local ordinances. (Multiple Residence Law, .§ 329, subd. 1.)
With respect to the second branch of the motion, defendants argue for dismissal upon the theory that the ordinances violate section 16 of article III of the New York State Constitution in that they attempt to incorporate by reference certain compliance standards prepared by a private association.
The portion of the ordinances objected to is contained in section 5 thereof1, which state: “ All systems must meet the require- *794 meats of the New York Rating Organization and the National Fire Protection Association and must be approved by the Bureau of Fire Prevention, ¡City .of Long Beach. Prior to installation of .such Automatic Fire Extinguishing System, a plan must be submitted to the Fire Marshal’s office, County of Nassau, for .their approval, and a permit shall be secured from the Building Department prior to installation of said system. ’ ’
It has been widely held that a court of first impression should not set aside a law as unconstitutional unless that conclusion is inescapable (Incorporated Vil. of Lloyd Harbor v. Town of Huntington, 143 N. Y. S. 2d 797; People v. Elkin, 196 Misc. 188), and demonstrated beyond a reasonable doubt (Matter of Van Berkel v. Power, 16 N Y 2d 37).
However, in the case at bar, the court is not bound to conclude that the local ordinances are unconstitutional by reason of the prohibition against incorporation by reference.
Although section 16 of article III of the New York 'State Constitution provides: “ [Existing law not to be made applicable by reference.] No act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or part thereof, shall be applicable, except by inserting it in such act ’ ’, it may be fairly argued that article III applies to the New York State Legislature, its composition, powers, and duties, and not to local government. The latter is controlled by article IX .of the State Constitution, which does not contain restrictions against ‘ ‘ incorporation by reference” in local ordinances.
Assuming, without conceding, that article III applies to local government as well as the New York State Legislature, the prohibition found in section 16 pertains to incorporation of other laws and not to standards prepared by private associations.
Accordingly, ,the motion to dismiss is denied.
Considering that all of the essential facts have been agreed to, the court finds the defendants guilty as charged in each of the two informations and directs their respective appearance at court for sentencing on November 27,1974.
One further aspect deserves consideration. The City Council, by Ordinance No. 1091/71, adopted November 3, 1971, sought to phase .out rooming houses as a prior legal nonconforming use. Such 'ordinance, to meet the requirement of substantive due process, must strike a reasonable balance between .the interest of the public and that of the defendant. More particularly, the owner of the property must be given a reasonable period *795 in which to recapture a fair portion of his capital investment before being required to relinquish the nonconforming use. (See Matter of Harbison v. City of Buffalo 4 N Y 2d 553.) In that ease, 'the Court of Appeals stated (p. 561): “ With regard to prior nonconforming structures, reasonable termination periods based upon the amortized life of the structure are not, in our opinion, unconstitutional. They do not compel the immediate destruction of the improvements, but envision and allow for their normal life without extensive alterations or repairs. Such a regulation is akin to those we have sustained relating to restrictions upon the extension or substantial repair or replacement of prior nonconforming structures.”
Enforcement of the ordinances requiring additional sprinkler heads throughout the subject premises, necessitating substantial additional investment by reason thereof, may have an adverse impact upon effective enforcement of the ordinance phasing out rooming houses. Legislative policy in this area should be clarified.