Robert J. McDowell, J.
Petitioner, City of Rochester, brings this article 78 proceeding seeking a reversal of an adverse finding by the Monroe County Planning Director, as affirmed, on review, by the Monroe County Planning Board, denying the city’s application to construct a replacement swimming pool facility in Genesee Valley Park. Upon submission and argument, the city contends that the county is jurisdictionally divested of any power to deny said application, in that the basis of the county’s purported authority is invalid.
The county maintains that its authority is based upon section 703a(a) of the Monroe County Charter (Local Laws, 1965, No. 2 of County of Monroe), enacted in 1965, as derived from section 1016 of the Optional County Government Law. It is the city’s position that the applicable charter section is invalid and unconstitutional, in that it is an improper delegation of authority to an administrative official without attendant standards and guidelines. It is also raised that, in this instance, the charter section empowers the county to impose zoning regulations upon an heretofore existent governmental use. The city also claims that the county is presently estopped from denying this application, based upon prior inaction of the county, and, also, the planning director’s decision was both arbitrary and capricious.
The proposed facility, in question, is designed to replace two existing swimming pools in the park. The new facility will be operational year round with maximum capacity approaching 1,000 people; whereas the existing facilities only operated about 10 weeks of the year and handled approximately 250 persons. Essentially, the problem, herein, lies in the fact that the proposed facility is within one mile of Monroe County Airport and is, unrefutably, in the approach path of incoming aircraft. Upon the evidence submitted, it is found that incoming aircraft would pass over the proposed facility at an approximate altitude of 500 feet in making its approach to the airport runway.
In the field of administrative law, it is axiomatic that only the Legislature is vested with the authority to legislate. (NY Const., art III, § 1.) This power may not be abdicated to any other body. However, it is well established that the Legislature may delegate the powers of execution and administration of its laws. Yet these delegable powers are circumscribed, in *464 that, it is a well-established principle, that the Legislature must confine the limits of administrative discretion. An unfettered discretion of administrative power may not be conferred. (Matter of Concordia Coll. Inst, v Miller, 301 NY 189.)
Notwithstanding the fact that standards and guidelines are necessary to delimit the discretionary power of administrative bodies, it is not always necessary that the particular legislative enactment expressly detail these standards. Indeed, it has been held that the requisite standards may be implied by policy and purpose. (Matter of Barton Trucking Corp. v O’Connell, 7 NY2d 299; Matter of Bologno v O’Connell, 7 NY2d 155.) Moreover, it has also been held that a particular statute empowering an administrative body is not unconstitutional for failure to provide standards of action where the limits of action may be found elsewhere in the law. (Szold v Outlet Embroidery Supply Co., 21A NY 271; Matter of Aloe v Dassler, 278 App Div 975.) It is this latter principle that I find present in this case.
The Monroe County Charter provides the county planning board and planning director with the power of review over land use and land subdivision within one mile from the boundary line of any publicly owned airport within the county. Very similar language, although not so limited in its scope, can be found in the General Municipal Law. Section 239-1 of the General Municipal Law provides that in the public interest, certain zoning and planning actions of a city, town and village be reviewed by a county planning agency, if any, as an aid in co-ordinating such zoning and planning among municipalities, by bringing pertinent county-wide considerations to the attention of the affected municipalities. It then lists no less than nine considerations, of which, one shall be the impact of such proposed land uses on existing and proposed county or State institutional or other uses. Another consideration is the protection of community character as regards predominant land uses and population density.
In view of the considerations listed above, and the others delineated in section 239-1 that are taken into account by the county planning board in review of municipal planning actions, it would seem highly unlikely that the same considerations would not be applied in review of land use and subdivision within one mile from the boundary line of any publicly owned airport within the county. It is noted that section 703(b)(c) of the County Charter indicates that the planning *465 director, in reviewing and reporting on subdivisions as listed in section 239-n of the General Municipal Law, shall utilize the criteria set forth in section 239-1 of the General Municipal Law. Accordingly, I find that sufficient standards and guidelines are set forth in delimiting the discretionary power of the Monroe County Planning Board and Director, although such standards are not specifically found in the Monroe County Charter. It is important to note that recently, this same court held that there was no want of proper criteria or standards set up by section 239-1 for decisions by the Monroe County Planning Board. (McEvoy Dodge West Ridge v Greece Zoning Bd. of Appeals, 69 Misc 2d 55.)
Likewise, I find no want of due process against petitioner. Section 705 of the Monroe County Charter provides for an appeal, upon a hearing, to the Monroe County Planning Board, from decisions made by the planning director under section 703. The petitioner was afforded, and had, an appeal to the full planning board on June 12, 1974. The city was presented with the opportunity to make its argument, present its witnesses and submit its evidence in refuting the planning director’s decision, all of which, the city took advantage.
Petitioner insists that the action taken by the planning director and planning board was arbitrary and capricious. From the circumstances of this case and from the evidence introduced, no support may be given to petitioner’s argument. The courts are reluctant to substitute its discretion for that of an administrative body or official. While the court may require sufficient standards by which an official. may act, it should not attempt to control the exercise of his judgment or discretion, absent an arbitrary or unreasonable use of such discretion.
The city’s contention that the county’s reference to hazard zones, since not found in the county charter, is both arbitrary and capricious, is without merit. While it is true that the charter is void of any classification of aircraft hazard zones, it is certainly clear from the evidence submitted, that the county has used these "hazard zones and corridors” in its review procedures, at least as early as 1964. Moreover, the city was apprised of this fact not later than October 30, 1964, by a letter directed to the city manager freon the Director of the Monroe County Planning Council, predecessor to the county planning board.
In review of recent decisions of the planning director, I find *466 that in all instances, whether the proposed land uses were approved or denied, due deliberation, consideration and analysis was made of all pertinent factors relative to the land use proposed and the safety to airport operations and the safety to those on the ground, affected by airport operations. The fact that the city’s application was denied while other applications may have been approved may not, in and of itself, be made the basis of a claim of an arbitrary and capricious decision, where the facts warrant a finding that the decision was made reasonably.
Turning, now, to the city’s contention that the county is estopped from asserting its review powers under the county charter, I find that the county has not waived this right. This determination is based on two important considerations. Notwithstanding the fact that the city submitted its application for review in 1972 to the regional planning board, by submitting an application to the county planning board in 1974, the city has subjected itself to the county review procedure. The city was well aware of the county review powers. It would not seem that the city had totally relied on the inaction of the county in 1972 or that the county has now changed its position, by the city’s 1974 application for review.
However, there is a more fundamental consideration. To deprive the county of its right to review, is to deprive it of one of its vested rights. Even if this court could find some neglect or dereliction of duty on the part of the planning director to, at least, comment on the city’s 1972 application, to assert that the county is now estopped, deprives the county of its right of review. The failure of municipal officials to enforce possible rights may not be made the basis of an admission or estoppel resulting in possible loss to the public of the municipality’s rights. (Rubel Corp. v New York, 274 App Div 925; St. Vincent Female Orphan Asylum v Troy, 76 NY 108.)
Finally, I find that the county is not deprived of its review powers within one mile of Monroe County Airport on the theory that the county is exercising a zoning function against the city. While the city may make a valid argument that a zoning power may not be exercised over a governmental use, I find that the cases, cited by petitioner, are distinguishable to the situation presented in this case. A reading of section 703 of the county charter impliedly reveals that the overriding and paramount, if not sole, consideration is safety — not only to airport operations but also to those persons on the ground. *467 A logical interpretation of the applicable section requires this finding.
A municipality is charged with the protection and promotion of safety to its inhabitants and citizens under its police power.
The county planning board, basically an advisory body, functions by recommendation to the county government on the utilization of land within its jurisdiction. The fact that section 703(a) of the County Charter gives the planning director power of approval, as well as review, of land use and subdivision within one mile of the airport, does not lead this court to a finding that this power is a zoning power. The charter section in no way delimits what may be located within one mile of the airport. However, the uses must be consistent with the safety considerations of the planning director. Conceivably, this geographically limited area could be utilized for variable uses where hazards to safety would not be present. On the other hand, it would be inconceivable to hold that any utilization of this land by the city, or any other municipality, while acting in its governmental capacity, which created serious safety hazards, could be upheld on the basis that any county action taken is necessarily a zoning action and is, therefore, invalid against the city or other municipality. I find that the planning director’s power of review and approval of land use and subdivision within one mile of the airport is more akin to its police power and is exercisable against the city.
For the reasons stated herein, the decision of the Monroe County Planning Board is affirmed.