OPINION OF THE COURT
Harold Fertig, J.
Defendant moves this court for an order dismissing two informations on the grounds that they are jurisdictionally defective in that they do not set forth any misdemeanor grounded upon a valid provision of law, and that the provisions of the Nassau County Fire Prevention Ordinance referred to in the information are constitutionally defective. Defen *883 dant Mobil Oil Corporation is charged with a violation of the Nassau County Fire Prevention Ordinance No. 58-1962 (as amd by Ordinance No. 259-1972) in that pumps used by the defendant in the transfer of gasoline from underground storage tanks to the dispensing units had no leak detection devices installed on the discharge side of the pumps. The ordinance in question refers to section 3.0 of article III entitled, "Flammable and Combustible Liquids — General Provisions”, and states: "(a) Adoption of Generally Accepted Standards. Unless more restrictive provisions are specifically provided for in any other local law or Ordinance within the County of Nassau, the Standard for Foam Extinguishing Systems, Standard NFPA No. 11-1972; the Standard for Flammable and Combustible Liquids, Standard NFPA No. 30-1972; and the Standard for the Installation of Oil Burning Equipment, Standard NFPA No. 31-1972, all of the National Fire Protection Association, currently in effect, or as may be amended [emphasis supplied] shall be applicable throughout the County of Nassau. These Standards are hereby incorporated and shall be deemed to be a part of this Ordinance. Copies of said Standards are on file with the Clerk of the Board of Supervisors of the County of Nassau.”
The defendant argues, first, that these standards have been incorporated solely by reference in violation of section 16 of article III of the New York State Constitution. Second, that the ordinance is violative of due process in that an individual by reading the statute does not know what conduct is required by the legislation, and, third, that the county legislature has violated section 1 of article III of the New York State Constitution by an improper delegation of its powers. Section 1 of article III of the New York State Constitution provides that the legislative power of this State shall be vested in the Senate and the Assembly, and article IX (§ 2, subd [c], par [i] of the New York Constitution states that every local government shall have the power to adopt laws not inconsistent with the Constitution.
The People, citing People v Halpern (79 Misc 2d 790), a City Court case in the City of Long Beach, Nassau County, state that section 16 of article III of the New York State Constitution is not applicable to a county ordinance, and applies only to the New York State Legislature and not to local government, which is controlled by article IX. They further argue that the defendant had actual notice of the statute by letters sent by the Nassau County Fire Marshal to the defendant.
*884 The purposes of section 16 of article III of the New York State Constitution have been defined as seeking to prevent the evil of the Legislature possibly incorporating into their acts by reference, other statutes, clauses and provisions of which the Legislature might be ignorant, and which affect public or private interests in a manner and to an extent not disclosed upon the face of the act. By allowing statutes to be incorporated by reference, a bill might become a law which would not receive the sanction of the Legislature if fully understood (People ex rel. Board of Comrs. of Washington Park v Banks, 67 NY 568; Choate v City of Buffalo, 39 App Div 379; People ex rel. New York Elec. Lines Co. v Squire, 107 NY 593). In the latter case (People ex rel. New York Elec. Lines Co. v Squire, supra) the court stated (p 602): "The object and intent of the constitutional provision was to prevent statute laws relating to one subject from being made applicable to laws passed upon another subject, through, ignorance and misapprehension on the part of the legislature, and to require that all acts should contain within themselves such information as should be necessary to enable it, to act upon them intelligently and discreetly.”
In People v Halpern (supra) cited by the People, the court argued that article III applies to the New York State Legislature and the local government is controlled by article IX, and that article IX does not contain restrictions against "incorporation by reference” in local ordinances. In that case, it was further determined that the prohibition pertains to incorporation of other laws and not to standards prepared by private associations. This court cannot follow all of the reasoning of that case. All municipalities, as political subdivisions of the State, exercise only those powers delegated to them by the State (Seaman v Fedourich, 16 NY2d 94; City of Syracuse v Penny, 59 Misc 2d 818). However, article IX provides that within the powers granted to a local municipality the authority to adopt laws is only conferred, provided that such laws are not inconsistent with the State Constitution or any statute (McMillen v Browne, 14 NY2d 326). In Moore v State of New York (42 Misc 2d 314, 317), the court stated: "The court is aware of the express provision in the New York Constitution for the conferment by the State Legislature of legislative powers upon municipalities (art. IX, §§ 11, 12). Local laws may not be inconsistent with the State Constitution, or State laws, (art. IX, § 12.)” (Also see People v Roe, 40 Misc 2d 924.)
*885 It has also been held, in State of New York v Mobil Oil Corp. (38 NY2d 460), that where a legislative enactment proscribes conduct which is malum prohibitum the statute must clearly describe the prohibited conduct, and the power or the right of the Legislature to invest in private associations or corporations its authority and power, affecting life, liberty and property of citizens should be denied (Fox v Mohawk & Hudson Riv. Humane Soc., 165 NY 517). The Court of Appeals in the recent decision of People v Mobil Oil Corp. (48 NY2d 192, 200) also provided, "statutes enacting regulations malum prohibitum are to be strictly construed (State of New York v Mobil Oil Corp., 38 NY2d 460, 466; Matter of Asheroff v Parking Violations Bur. of Transp. Admin. of City of N. Y., 38 AD2d 474, 477; see McKinney’s Cons Laws of NY, Book 1, Statutes, § 271)”.
Local laws and ordinances are valid only where the power to enact them has been vested in the local legislative body of a municipality by the Constitution and the statutes of the State of New York, and neither the State Legislature nor a local legislative body has the right to relinquish legislative functions to private individuals or to a private association or corporation (8200 Realty Corp. v Lindsay, 34 AD2d 79). The Court of Appeals in that same case reversed the determination in the Appellate Division only on the grounds that from the facts of that case the delegation which may have come down to the Real Estate Industry Association was closely circumscribed and regulated so that no one could seriously entertain a fear that the government had yielded any real sovereign power. The members who might be aggrieved by an action of the association had the right to review before a conciliation and appeals board, and it was generally held that there was no delegation of authority in this case because of substantial official supervision which regulated the association involved. The court differentiated that case with Matter of Fink v Cole (302 NY 216), where the powers conferred on the Jockey Club were described as a sovereign power in the exercise of broad discretion to issue licenses. The court distinguished that circumstance where the officers of the club were not responsible to State government and said that that dissimilarity was manifest. In Matter of Levine v Whalen (39 NY2d 510, 515) the court defined the area where certain delegation of authority may be exercised and stated: "The Legislature may constitutionally confer discretion upon an administrative *886 agency only if it limits the field in which that discretion is to operate and provides standards to govern its exercise.”
It appears then that, generally, there can be no valid delegation of governmental power to nongovernmental agencies (Ann., 3 ALR2d 188, 191). However, where certain standards are created and the municipality continues to control the authority, the delegation may be valid. The court, in State of Kansas v Crawford (104 Kan 141, 143-144) seems to have stated it succinctly when it said:
"Some courts, including our own, have relaxed, or seemingly relaxed, the rigid enforcement of this principle in some instances, by giving countenance to legislation enacted to punish as misdemeanors or otherwise to penalize the breach of rules promulgated or to be promulgated afterwards by some subordinate official body created by the legislature. * * *
"But none of the cases cited has ventured so far afield as to intimate that the legislature might delegate to some unofficial organization of private persons, like the National Fire Protective Association, the power to promulgate rules for the government of the people of this state or for the management of their property, or that the legislature might prescribe punishment for breaches of these rules. We feel certain that no such judicial doctrine has ever been announced. If assent to such a doctrine could be given, a situation would arise where owners of property with considerable persistence might learn what these code rules were and incur the expense of making their property conform thereto, only to find that the National Fire Protective Association had reconvened in Chicago, New York or New Orleans, and had revised the code, and that the work and expense had to be undertaken anew. And there would be no end of such a state of affairs.”
There is a distinction between a delegation of a power to make the law and conferring authority or discretion to its execution to be exercised under and in pursuance of the law. The first condition cannot be done but the latter may (9 NY Jur, Constitutional Law, § 134). The Legislature may delegate powers of execution and administration of its laws, but it must provide for limits of administrative discretion (Matter of City of Rochester v County of Monroe, 81 Misc 2d 462). And only when standards to control the actions are directed in a statute where a delegation of power is made may such a power be exercised by the Legislature where the legislation is suscepti *887 ble of delegation (Matter of Brooklyn Trust Co. [Mollenhauer], 257 App Div 286).
In the case before this court, the legislature of the county has not merely incorporated the rules or standards of a private association. True, they have made those rules a part of the ordinance and have provided that copies of the standards be on file with the Clerk of the Board of Supervisors, and therefore may not be in violation of section 16 of article III of the New York State Constitution, or the purposes for which it was enacted. However, they have further provided that the provisions of the National Fire Protection Association rules and standards, as amended, shall be deemed a part of the ordinance. By enacting the association’s amendments, prior to their adoption, the County of Nassau has delegated to the National Fire Protection Association sovereign and legislative power. These delegated functions do not provide for power of execution or administration but delegates the power to make law, involving the discretion of what can or cannot be done, a violation of which becomes malum prohibitum. There have been no standards provided, nor is that association closely circumscribed by the municipality. The county has relinquished all control over the ordinance in question pertaining to flammable and combustible liquids to the National Fire Protection Association, and whatever standards might be adopted by that association in the future are automatically the law of the county, subjecting its citizens to criminal penalties (in this case, a maximum fine of $5,000, or imprisonment for not more than 30 days, or both, on each violation). Such a procedure is an improper delegation of legislative authority, and therefore unconstitutional.
Accordingly, the motion to dismiss the informations is granted, and the two informations in both above-entitled actions are hereby dismissed.