■ In the Matter of ROBERT K. HILL, III, Individually and as President of Concerned Citizens of Elbridge, Appellants, v TOWN OF ELBRIDGE ZONING BOARD OF APPEALS et al., Respondents. (appeal No. 1.)—Order unanimously reversed, on the law, without costs, in accordance with the following memorandum: The appli-

cation of Elbridge Land Company, owner of a 96-unit mobile home park, for an expansion permit was approved in part by the Town of Elbridge Zoning Board of Appeals pursuant to the Mobile Home Law of the town (Local Laws, 1978, No. 3), which had been adopted under Town Law article 9 (Town Law § 130 [21]). The park is located in a "Business Transitional District" zone under the town Zoning Law (Local Laws, 1970, No. 1). The Zoning Law permits Residential "R-2" District uses in Business Transitional Districts and limits trailer courts to R-2 Districts subject to the approval of the Zoning Board of Appeals (Town of Elbridge Zoning Law § 810 [2]; § 1200 [3] [a]). In a CPLR article 78 review proceeding commenced by the Concerned Citizens of Elbridge, Special Term annulled the permit on July 5, 1984 because it violated the provisions of 1978 Mobile Home Law § 4 (B) that "Mobile home courts may be located only in Residential R-2 districts and then only when a permit has been issued in accordance with the provisions of this local law and other applicable laws and regulations of the Town." Thereafter the application of the land company for a variance was denied and the within article 78 proceeding instituted in which the land company challenged not only the denial of the variance but also the validity of the Mobile Home Law on the ground that it constituted an amendment of the Zoning Law and was enacted without legal authority and upon defective notice. Special Term, after properly converting the proceeding to an action for declaratory judgment, erroneously concluded that the notice of adoption of the Mobile Home Law was inadequate for failure to describe a zoning change, that the law was void as being in excess of the powers granted in article 9 and procedurally invalid under Town Law article 16. Special Term vacated its earlier ruling and reinstated the expansive permit.

In our view, the 1978 Mobile Home Law did not amend the Zoning Law; it is a valid local law for the regulation of mobile home parks (Town Law § 130 [21]) and was duly enacted upon adequate public notice (Municipal Home Rule Law § 10). Although the Mobile Home Law on its face restricts the location of mobile home parks to R-2 Districts, and thus appears in part to be a zoning regulation, the provision merely restates the existing restriction of the 1970 Zoning Law. Under the Zoning Law, mobile home parks (i.e., "trailer courts") are not permitted as of right in any district and are allowed in "Residential R-2 Districts" by special permit only (Town of Elbridge Zoning Law § 1200 [3] [a]). The Zoning Law clearly does not permit mobile home parks as a special use in "Business Transitional Districts" and any construction to the contrary given to it by any town

authority cannot alter its unambiguous meaning *(see, e.g., Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1, 9-10). The 1978 Mobile Home Law is valid and Special Term correctly annulled the permit in its July 1984 judgment.

Special Term did not address the land company's challenge of the denial of its variance application or the Concerned Citizens' challenge alleging noncompliance with the State Environmental Quality Review Act (ECL art 8). We cannot tell from the record before us whether the parties had a full opportunity to litigate these issues before Special Term. Although the record on appeal includes a record of proof before the Zoning Board of Appeals on the variance application, only the conclusions and not the findings providing the basis of the Zoning Board's decision appear on the record. These issues are remitted to Special Term where they can be fully litigated and, if necessary, the variance issue may be returned for further proceedings before the Zoning Board *(see,* 2 Anderson, New York Zoning Law and Practice §§ 25.31, 25.33 [3d ed]). (Appeal from order of Supreme Court, Onondaga County, Tenney, J.—art 78.) Present—Doerr, J.P., Boomer, O'Donnell, Pine and Schnepp, JJ.