Requestor: John M. Wourgola, Deputy Town Attorney Town of Southampton Town Hall — 116 Hampton Road Southampton, New York 11968
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
You have asked whether the three-year exemption established by section265-a of the Town Law exempts a subdivision developer from the more stringent setback requirements established by a subsequent local law of the town governing wetlands.
Section 265-a was added to the Town Law in 1960 (L 1960, ch 1060). It provides that the lot size and setback requirements in effect when a subdivision plat is approved by a town and filed with the county clerk shall remain applicable to that plat for a certain period of time (Town Law, § 265-a[1]). For towns which have both zoning ordinances and planning boards, the setback and lot size requirements remain in effect for three years from the date of the filing of the plat in the county clerk's office; the subdivision is exempt from any subsequent changes during this period (id., § 265-a[2]). The legislative history of section 265-a indicates that the purpose of the exemption is to provide stability to the developer:
 "The constant shifting of `ground rules', as it were, after a builder or investor has committed substantial resources in land purchase, land planning, engineering, and installation of basic facilities
— is unfair and has hampered the builders of the State in their efforts to provide suitable housing for our people."
 "This legislation seeks to correct this situation by giving the builder, in good faith, a specified period of time in which to develop the site free from unexpected and unjustified changes in zoning after a plat has been approved and duly recorded and after the builder has committed his resources to improving the area" (Assembly Memorandum in Support, Legislative Bill Jacket, L 1960, ch 1060 [emphasis in original]; see Elsinore Property Owners Association, Inc. v Lamb, 286 App. Div. 1105 [2d Dept, 1955]; see also, Freundlich v Town Board of Southampton, 73 A.D.2d 684, 685 [2d Dept, 1979]; Matter of Wesley Chapel, Inc. v Van Den Hende, 32 A.D.2d 565 [2d Dept, 1969]).
Your letter notes that the town approved a major subdivision in February of 1988 and that the approved subdivision plat has been properly filed. Within the three-year period established by section 265-a, however, the town enacted a freshwater wetlands ordinance pursuant to article 24 of the Environmental Conservation Law (ECL, § 24-0501). The wetlands regulations, which impose restrictions on construction in the vicinity of wetlands, are inconsistent with the zoning regulation's setback requirements in effect at the time the subdivision was approved. The result is that the subdivision's setbacks are in compliance with the zoning regulation, but not in compliance with the town's wetlands regulation. Your question is whether the three-year exemption provided by section 265-a exempts the subdivision from the more stringent setback requirements of the wetlands regulation.
The exemption granted by section 265-a is, by its very terms, limited to subsequent changes in zoning regulations:
 "Notwithstanding any inconsistent provision of this chapter or of any general, special or local law, the provisions of a zoning ordinance hereafter adopted . . . which provisions establish or increase side, rear or front yard or set back requirements in excess of those applicable to building plots under the provisions of the zoning ordinance, if any, in force and effect at the time of the filing of the said subdivision plat . . . shall not, for the period of time prescribed . . . in this section, be applicable to or in any way affect any of the lots shown and delineated on such subdivision plat" (Town Law, § 265-a[1] [emphasis supplied]).
The question becomes, therefore, whether the town wetlands regulations are an exercise of the town's zoning power. For the reasons that follow, we conclude that the wetlands regulation is not a zoning regulation and is accordingly not subject to the exemption created by section 265-a.
A town's authority to enact zoning regulations derives from article 16 of the Town Law:
 "the town board is hereby empowered by ordinance to regulate and restrict the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts, and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purpose" (Town Law, § 261).
Other than this delegation of authority, State law does not define what a "zoning" regulation is, nor does it distinguish zoning regulations from other regulations governing land use. "Zoning" has been described as being
 "the division of a community into districts, and the regulation of buildings, structures, and land use within such districts or zones, in accordance with a comprehensive plan for the development of the community" (Billings, 12 N Y Jur 2d, § 79; 82 Am Jur 2d, Zoning and Planning, § 2).
The primary goal of zoning regulations is to provide for the planned development of a balanced, cohesive community which will make efficient use of the community's available land (Berenson v New Castle, 38 N.Y.2d 102
[1975]).
It is clear, however, that not all regulations which govern land use can be considered zoning regulations. In addition to the zoning power set forth in the Town Law, there are other sources of authority which enable towns to regulate land use. Chief among these is the delegation of police power set forth in the Municipal Home Rule Law which authorizes towns to enact local laws concerning the "government, protection, order, conduct, safety, health and well-being of persons or property within the town" (Municipal Home Rule Law, § 10[1][a][ii]).
The police power authorizes municipalities to regulate landfills (1981 Op Atty Gen [Inf] 245); litter and pollution (People v A C Trucking,88 Misc.2d 988 [Geneva City Ct, 1977]; People v Eisen, 77 Misc.2d 1044
[NYC Crim Ct], affd 79 Misc.2d 829 [App Term, 1st Dept, 1974]; mobile homes (Informal Opinion No. 89-20); noise levels in certain areas (1981 Op Atty Gen [Inf] 119); and transport and storage of hazardous materials (1986 Op Atty Gen [Inf] 91). All of these areas involve the regulation of land use, yet they could not be considered "zoning" regulations as that term is generally understood, nor do they fall within the authority for enacting zoning regulations set forth in the Town Law.
Indeed, it has been found that certain local regulations governing land use do not constitute zoning regulations. In Matter of Hill v Town ofElbridge Zoning Board of Appeals (112 A.D.2d 45 [4th Dept, 1985]), the Fourth Department found that a local law regulating mobile home parks was not a "zoning" regulation and was not subject to the local procedural requirements then in effect for enacting zoning regulations (Hill,supra, 112 A.D.2d at 46). In Matter of City of Rochester v County ofMonroe (81 Misc.2d 462 [Sup Ct, Monroe Co, 1974]), the court reviewed the Monroe County planning board's denial of an application by the City of Rochester to build a municipal swimming pool. The city's application was denied on the ground that the proposed site was in the flight path of the county airport. The city challenged the denial on the ground that as a municipality it was exempt from the zoning regulations of the county. The court concluded that the county's authority to regulate with regard to safety matters was unrelated to its zoning authority:
 "The fact that section 703(a) of the County Charter gives the planning director power of approval, as well as review, of land use and subdivision within one mile of the airport, does not lead this court to a finding that this power is a zoning power . . . On the other hand, it would be inconceivable to hold that any utilization of this land by the city, or any other municipality, while acting in its governmental capacity, which created serious safety hazards, could be upheld on the basis that any county action taken is necessarily a zoning action and is, therefore, invalid against the city or other municipality. I find that the planning director's power of review and approval of land use and subdivision within one mile of the airport is more akin to its police power and is exercisable against the city" (City of Rochester, supra, p 467; see also, Inc. Village of Nissequogue v Meixsell 55 Misc.2d 1069, 1071-1072 [Sup Ct, Suffolk Co, 1968] [zoning power distinguished from planning power]).
With regard to environmental matters, there are several provisions in the Environmental Conservation Law which delegate to municipalities the authority to establish rules governing land use. Article 34 of the ECL gives local governments authority to enact local laws with respect to certain areas identified as coastal erosion hazard areas (ECL, §34-0105). Article 36 of the ECL gives local governments similar authority to establish flood hazard regulations in accordance with Federal law (ECL, § 36-0107). Finally, article 24 of the ECL authorizes local governments to enact regulations to preserve and protect their wetlands (ECL, § 24-0501).
In our view, none of these environmental regulations can be considered zoning regulations for purposes of section 265-a of the Town Law. The local government derives its authority to regulate in this area from sources completely separate and distinct from the grant of zoning authority under article 16 of the Town Law. Indeed, environmental regulations are inherently different from zoning regulations and serve different purposes and goals. Zoning regulations seek to regulate a community's development in accordance with a plan, while environmental regulations seek to protect the ecology and preserve the biosphere.
Section 265-a of the Town Law grants developers who have filed the approved subdivision plats an exception from subsequent changes in zoning ordinances. A town's wetland regulation, which derives from the Environmental Conservation Law, is different in origin and nature from zoning ordinances enacted pursuant to article 16 of the Town Law.
We conclude, therefore, that section 265-a does not exempt a developer who has filed a subdivision plat from the requirements of a subsequently enacted local law governing wetlands preservation.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.