*766 OPINION OF THE COURT
James C. Harberson, J.
Issue Presented
In these cases the single issue is whether a driver or passenger in the front seat of a motor vehicle is required to use the shoulder harness safety belt if the lap safety belt is connected. In the Lawton and Ross cases there was a trial while in the Clark and Widrick cases the issue was a question of law to be determined before trial. The defendants argue the use of the seat safety belt (lap) regardless of whether or how they used the shoulder harness safety belt complied with the requirements of the statute as it is worded. The People argue that both belts must be used together to meet the statutory requirement.
Facts
People v Lawton and People v Ross
James Lawton was driving a vehicle on May 26, 2000 on Bradley Street in the City of Watertown. He testified that the seat belt was engaged with the lap portion over his middle while the shoulder harness was behind his shoulders. He said when he saw the police checkpoint ahead he pulled the shoulder harness “out so they could see it.” He said that he does remember seeing a City Department of Public Works (D.P.W.) truck about that time.
Jeffrey Ross testified he was a passenger in Mr. Lawton’s vehicle and that he was using his seat belt in the same fashion as Mr. Lawton — the lap part hooked in and the shoulder strap behind his shoulders. He said when they saw the police checkpoint he reached behind to pull the shoulder strap over him.
Officer Strejlau testified that he was working with the checkpoint officers. He said he was dressed “in civilian clothing as a D.P.W. employee about a thousand feet away from the check point acting as a spotter.” He said he wore this disguise as a D.P.W. or Department of Transportation worker so he would not be recognized as a police officer. He said he would radio ahead to the officers at the checkpoint if he saw people in vehicles without seat belts and the tickets would be issued by an officer at the checkpoint based on Strejlau’s observations.
Officer Strejlau testified that on May 26, 2000 he observed the driver and passenger of a vehicle which passed him both reaching for their shoulder harness as the vehicle passed him *767 heading for the checkpoint. He identified the driver of the vehicle as Mr. Lawton in court but he could not identify Mr. Ross as the passenger. He said that after he radioed to the checkpoint he watched until the truck was actually stopped.
Officer Russell testified he was working the checkpoint on May 26, 2000 when the vehicle in which Mr. Lawton and Mr. Ross was stopped by him based on Officer Strejlau’s information. Officer Russell testified that “I can’t remember if they [Ross and Lawton] had their seat belts on.” He said he issued the tickets to Ross and Lawton based on Strejlau’s information.

People v Widrick

In People v Widrick, the defendant was charged with violating Vehicle and Traffic Law § 1229-c (3) because, while he was wearing a lap safety belt that was secured, the shoulder harness was placed across his chest and under his arm. The defendant asserted in his defense that he was restrained by a safety belt over his lap and the use of the shoulder harness safety belt as he wore it under his arm was not required under section 1229-c (3).

People v Clark

In the case of People v Clark, the issue was whether the defendant was properly wearing his seat belt because it was “under his arm” rather than over it (see, supporting deposition of Trooper Pound). Mr. Clark told the officer he didn’t know he could not wear the seat belt in such a fashion.
Law
Vehicle and Traffic Law § 1229-c (3) states that “No person shall operate a motor vehicle unless such person is restrained by a safety belt approved by the commissioner. No person * * * shall be a passenger in the front seat of a motor vehicle unless such person is restrained by a safety belt approved by the commissioner.”
The specifications established by the Commissioner are found at 15 NYCRR 49.1 and 49.2 (a) and (b):
“part 49
“seat safety belts and shoulder harness safety belts
“(Statutory authority: Vehicle and Traffic Law, §§ 215, 383) * * *
“§ 49.1 Introduction
“New York has always been a leader in requiring seat belts in vehicles. Since 1962, certain types of vehicles have been *768 required to have seat belts. Other states and the Federal government have also seen fit to follow New York by regulating in this area. New York believes it desirable to have nationwide uniformity. It is in that spirit that this Part is promulgated * * *
“§ 49.2 1974 and new vehicles
“(a) Every 1974 and newer motor vehicle offered for sale in New York State shall be equipped with seat safety belts and shoulder harness safety belts if required as original equipment or as a condition of importation by Federal law or regulation. This Part shall not apply to those motor vehicles equipped with passive restraint systems (air bags), which conform to Federal motor vehicle safety standard 208 in all respects.
“(b) Every seat safety belt and every shoulder harness safety belt shall comply in all respects with Federal motor vehicle safety standards 208, 209 and 210 (49 C.F.R. 571.208, 571.209 and 571.210), as they exist on the day such restraining device is manufactured. This shall apply to both original equipment and replacement equipment.”
In People v Cucinello (183 Misc 2d 50), the Appellate Term ruled that a conviction should be reversed where the defendant did not wear the shoulder harness safety belt in conjunction with the lap safety belt. The person did not use the shoulder harness because it crossed his front too high to be comfortable.
The court concluded, after noting that the 1992 vehicle “was equipped with lap and shoulder belts which were not one piece,”
“The question of whether defendant was guilty of violating the subject provision because her son was wearing a lap belt and leaving the shoulder harness unconnected, however, requires a careful perusal of the statutory language itself. Vehicle and Traffic Law § 1229-c (2) uses the term, ‘safety belt,’ in the singular when it states, ‘No person shall operate a motor vehicle unless all front seat passengers under the age of sixteen are restrained by a safety belt’ (emphasis added). While the term, ‘safety belt,’ is not expressly defined in the statute, said term can refer to either ‘seat safety belts’ or ‘shoulder harness safety belts’ (see, Vehicle and Traffic Law § 383 [4-a], [5]; 15 NYCRR 49.2 [b]).
“Inasmuch as defendant’s son was restrained by a safety belt, viz., a seat safety belt, defendant should not have been deemed in violation of Vehicle and Traffic Law § 1229-c.” (People v Cucinello, supra, at 51.)
*769 Vehicle and Traffic Law § 1229-c (3) is an act which is malum prohibitum being a regulatory law.
In Matter of Asheroff v Parking Violations Bur. (38 AD2d 474, 477), the Court stated:
“We are dealing with a regulation which is malum prohibitum. Statutes or regulations of this character are expected to clearly spell out what acts are deemed in violation of same. They should be strictly construed and require strict proof of the commission of the offense charged. (People v. Werner, 174 N. Y. 132.)
“In the last cited case the court said (p. 134): ‘The general rule that the criminal intention is the essence of the crime does not apply to such prohibited acts; but while that is so, such statutes ought to be strictly construed and the People required to give strict proof of the commission of the offense.’
“In People v. Benc (288 N. Y. 318, 323), the court said: ‘Statutes which are penal in character must be narrowly and strictly construed and in manner not to embrace cases which do not clearly fall within their terms * * * “Acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of the legislative intent to make them criminal” (People v. Shakun, 251 N. Y. 107, 113). The evidence here clearly shows that the defendants were not within the purpose, intent and coverage of the ordinance.’
“Also, see, People v. Vetri (309 N. Y. 401, 406) where the court cited with approval a statement appearing in the opinion of People v. Phyfe (136 N. Y. 554): ‘ “The citizen is entitled to an unequivocal warning before conduct on his part, which is not malum in se, can be made the occasion of a deprivation of his liberty or property.” ’ ” (See, People v Mobil Oil Corp., 48 NY2d 192, 200 [in which Asheroff is quoted].)
Decision
Part 49 of the Commissioner’s regulations at section 49.2 (a) states that all vehicles made in 1974 or thereafter sold in New York “shall be equipped with seat safety belts and shoulder harness belts,” and section 49.2 (b) states “[e]very seat safety belt and every shoulder harness safety belt shall comply in all respects with Federal motor vehicle safety standards.”
Vehicle and Traffic Law § 1229-c (3) states that “[n]o person shall operate a motor vehicle unless * * * restrained by a safety belt approved by the commissioner” nor shall “a passenger in the front seat of a motor vehicle [ride] unless * * * restrained by a safety belt approved by the commissioner.”
*770 Motor vehicles sold in New York since 1974 have had three separate seat safety belt arrangements: The shoulder harness safety belt separate from the lap safety belt with separate connections to secure each belt; the passive restraint system where the shoulder harness safety belt automatically connects over the driver or passenger in the front seat when the door is closed with a lap safety belt to be secured separately at a different connection point; and a shoulder harness safety belt-lap safety belt that are secured at the same connection point.
This court finds that the plain language of the statute read in conjunction with the Commissioner’s regulations adopted for Vehicle and Traffic Law § 1229-c (3) at 15 NYCRR 49.2 (a) and (b) defines two kinds of belts (“seat safety belts” and “shoulder harness safety belts”) which must be included in a car sold in New York after 1974. However, it is also clear that the plain language of the statute (Vehicle and Traffic Law § 1229-c [3]) requires only that the driver and front seat passenger be restrained by a safety belt. Since the clear wording of the statute refers to the singular belt and not the plural “belts,” a person who uses either the “seat safety belt” or “harness safety belt” would be in compliance with the statute. If the Legislature and/or Commissioner expected both belts to be used together the statute and regulations could have been so worded to provide for that requirement.
In Cucinello (183 Misc 2d 50, supra), the vehicle had a shoulder harness and a “lap” belt each of which had to be connected separately. The court ruled the use of the lap belt alone without also connecting the shoulder harness as well complied with the statutory mandate that the passenger be restrained by a “safety belt.” The court’s ruling clearly stated the shoulder harness and the “lap” belt qualified as safety belts leaving it to the passenger to use either one to comply with Vehicle and Traffic Law § 1229-c (3) to use a safety belt not “belts.”
In these cases, the vehicles the defendants were riding in were equipped with a shoulder harness safety belt and a lap safety belt secured at a single connection point. The fact the defendant in the Cucinello case (supra) rode in a vehicle equipped with a shoulder safety belt and a lap safety belt with a separate connection point for each does not distinguish the Cucinello case from the cases before this court. The issue is not the particular format used by a motor vehicle manufacturer to comply with New York law but, rather, the issue is whether a citizen riding in the vehicle must use (in these cases) the shoulder harness safety belt in conjunction with the seat (lap) safety belt.
*771 The right to decide whether to use the shoulder harness safety belt by the defendants in this case is found in the wording of the statute and not in the design model of the safety belt restraints used in a particular motor vehicle.
In these cases, the credible evidence shows that all the defendants were wearing the seat safety belt (lap belt) connected as required. Two defendants had elected to use the shoulder harness safety belt in a fashion that was comfortable for them by placing it under their arm and two defendants elected not to use the shoulder harness safety belt by putting it behind their shoulders.
These practices of the defendants reflect the same choice many people make because the “one size fits all” shoulder harness strap based on a person’s physical characteristics either crosses over the neck, throat, or cheek and/or under the chin, or fits so snugly that it is too tight to be comfortable, or so loosely that the shoulder harness safety belt hangs free leaving a gap between the person and the shoulder strap.
The normal reaction of an American citizen is to relieve the discomfort of the shoulder harness safety belt strap by crossing it under the arm, holding it away with the hand or placing it behind the shoulders in the case of the passive restraint and shoulder harness safety belt using the same connection point as the seat safety belt (lap). In cars with a shoulder harness safety belt with a separate connection as in Cucinello (supra) it is not used with the lap safety belt.
The decision then by the defendants to place the shoulder harness safety belt behind their shoulders or under their arms with the seat safety belt (lap) in place and connected was not a violation of Vehicle and Traffic Law § 1229-c (3) which requires only that a single “safety belt” be used (see, People v Cucinello, supra).
If the Legislature and/or Commissioner expect both the shoulder harness safety belt and the seat safety belt (lap) to be used together, the statute and/or regulations should have been so worded to require joint use of them regardless of the design model for these belts in the motor vehicle — passive, separate or unitized. As it is now worded the statute fails in its wording to give an “unequivocal warning” that the defendants’ conduct not malum in se violates the Vehicle and Traffic Law. (Matter of Asheroffv Parking Violations Bur., 38 AD2d 474, 477, supra.)
The court notes that 15 NYCRJR 49.2 (a) which requires that motor vehicles after 1974 be equipped with “seat safety belts *772 and shoulder harness safety belts * * * shall not apply to those motor vehicles equipped with passive restraint systems (air bags), which conform to Federal motor vehicle safety standard 208 in all respects.” It would appear that the plain language of the Commissioner’s regulation does not require motor vehicles equipped with a “passive restraint system [ ] (air bag[ ])” which meets Federal standard 208 to also be equipped with the shoulder harness safety belt and the seat safety belts. If that is the case then if the vehicles in which these defendants were riding were equipped with such a passive restraint system (air bags) the use of a safety belt may not be required. No evidence has been presented on this issue of air bags in these cases so the court will not address the question at this time.
The charge of violating Vehicle and Traffic Law § 1229-c (3) is dismissed against each of the defendants.