OPINION OF THE COURT
Howard M. Aison, J.
Defendant is charged with being a passenger in a motor vehi *616 ele and not wearing his seat belt (Vehicle and Traffic Law § 1229-c [3]). A trial was held on March 22, 2007. After the testimony of the police officer and the driver of the vehicle, the parties stipulated that on November 13, 2006 in the city of Amsterdam the defendant was a passenger in a moving vehicle and he was wearing the lap portion of his seat belt around his waist and the shoulder portion of his seat belt across his chest and under his arm as opposed to across his chest and over his shoulder.
The defendant submitted cases for the court to consider, the Assistant District Attorney responded by letter dated April 2, 2007 and the defendant submitted a reply dated April 4, 2007.
Vehicle and Traffic Law § 1229-c (3) mandates that a person 16 years of age or over shall not be a passenger in the front seat of a motor vehicle unless such person is restrained by a safety belt approved by the Commissioner. Vehicle and Traffic Law § 1229-c (3-a), effective November 16, 2002, sets forth that, except for passengers under the age of four, it shall be a violation if a person is seated in a seating position equipped with both a lap safety belt and a shoulder harness belt and such person is not restrained by both such lap safety belt and shoulder harness belt.
Two of the three cases cited by defendant (People v Cucinello, 183 Misc 2d 50 [1999]; People v Widrick, 185 Misc 2d 765 [2000]) were decided prior to the effective date of Vehicle and Traffic Law § 1229-c (3-a). In Widrick the City Court suggested a change in legislation in order to require occupants of vehicles to use the shoulder harness safety belt and seat safety belt together. The third case (People v Locke, 1 Misc 3d 482 [2003]) was decided after the passage of Vehicle and Traffic Law § 1229-c (3-a), and City Court held that said legislation was not specific enough to inform the public that it is unlawful for a person to wear a seat belt over the shoulder and not under it thereby resulting in a dismissal of the charge.
This court respectfully disagrees with the reasoning of the Locke court. Statutory interpretation requires courts to first look to the plain meaning of the words of a statute and then look at the spirit and purpose of the statute and the objectives sought to be accomplished by the Legislature (Matter of Hernandez v Barrios-Paoli, 93 NY2d 781 [1999]). The court should not, by interpretation, strip a critical new word of its plain and intended meaning (People v Bac Tran, 80 NY2d 170 [1992]). In reviewing the Bill Jacket of the Laws of 2002 (ch 546), the *617 Department of Motor Vehicles set forth in a memorandum that there is a critical highway safety factor related to seat belt use and lap and shoulder harness belts are 13% more effective in preventing fatalities than using the shoulder belt and 24% more effective than only using the seat belt and that both lap and shoulder belts afford the greatest possible protection for motor vehicle occupants. The Department of Motor Vehicles specifically referred to the holdings in Cucinello and Widrick and stated that the holdings in those cases involve significant law enforcement concerns as the police will not be able to observe violations of a seat belt law if a person is permitted to wear only a lap belt, or putting it another way, if a person is permitted to wear a shoulder harness below and not above the shoulder.
The court cannot conclude without mentioning that the Legislature refers to the harness as a shoulder harness, not a torso harness.
The prosecution has proved the defendant guilty, beyond a reasonable doubt, of violating Vehicle and Traffic Law § 1229-c (3). The court hereby fines the defendant the sum of $100 and a $50 surcharge/victim impact fee. Failure to pay the same in a prompt fashion will result in the suspension of defendant’s driver’s license.