OPINION OF THE COURT
Raymond E. Cornelius, J.
The Grand Jury has Returned an indictment against the defendant Emmaline J. Darcy in which she is charged in the first count with the felony misuse of food stamps, in violation of section 147 of the Social Services Law, and, in the second count, with the misdemeanor of offering a false instrument for filing in the second degree, in violation of section 175.30 of the Penal Law. Both accusations are based upon the contention that the defendant was a recipi *581 ent of the food stamp program, and failed to disclose the receipt of a New York State Higher Education Service Corporation loan in the amount of $2,470.80.
Section 147 of the Social Services Law provides as follows: “Whoever knowingly uses, transfers, acquires, or possesses food stamps in any manner not authorized by section ninety-five of this chapter shall, if such food stamps are of the value of more than two hundred and fifty dollars be guilty of a class E felony or if such food stamps are of a value, of two hundred and fifty dollars or less shall be guilty of a class A misdemeanor.” The relevant part of section 95 of the Social Services Law, to which reference is made, consists of paragraph (a) of subdivision 3, which reads as follows: “Each commissioner of social services is authorized and required, in accordance with regulations of the department, to make application for inclusion of his social services district in the federal food stamp plan or plans and to assist needy families and individuals of his social services district to obtain nutritionally adequate diets through participation in such federal food stamp plan or plans. However, only those persons who qualify for food stamps in accordance with federal and state requirements, and standards promulgated by the department, shall be certified as eligible to receive such stamps.”
 Subsequent to the filing of the indictment, the defendant made an omnibus motion seeking various forms of relief, including a motion to inspect the Grand Jury minutes and dismissal of the indictment. The District Attorney has provided a complete transcript of the Grand Jury proceedings to the court, and, for reasons hereinafter set forth, the indictment must be dismissed, and, therefore, it is unnecessary to render decisions on the other aspects of the omnibus motion.
The above two quoted sections of the Social Services Law, in this court’s opinion, raise serious constitutional questions insofar as these sections serve as a basis for criminal prosecution. As. applied to the facts of this case, section 147 of the Social Services Law purportedly makes the acquisition of food stamps, with a value more than $250 a felony if done in a manner not authorized by section 95 of the Social Services Law. However, the relevant *582 portions of this latter section, as contained in paragraph (a) of subdivision 3 merely places certain affirmative duties upon the Commissioner of Social Services, including the certification of persons eligible to receive food stamps, who are defined as “only those persons who qualify for food stamps in accordance with federal and state requirements”. Assuming section 95 of the Social Services Law was construed to make the acquisition of food stamps by unqualified persons to be an unlawful act, there is nothing contained in the statute vzhich sets forth, or otherwise gives notice of, the proscribed conduct. Again, as it pertains to the facts of this proceeding, the statute fails to give notice that a recipient of food stamps is required to report income, or assuming such a duty, that income would encompass an education loan. In contrast, section 145 of the Social Services Law, which deals with fraud in the procurement of public assistance, is more specific and does contain a provision requiring a recipient to report income.
A penal statute violates the constitutional right of due process where the terms are so indefinite that a “person of ordinary intelligence” would not know what the law required or prohibited. Such a law is unfair because the vagueness fails to give adequate notice of the proscribed conduct to the citizen, who may be prosecuted thereunder, and also would lead to arbitrary and discriminatory enforcement by those who are required to administer the law. (People v Cruz, 48 NY2d 419; People v Berck, 32 NY2d 567; Calderon v City of Buffalo, 61 AD2d 323.)
Section 95 of the Social Services Law does make reference to “federal and state requirements, and standards promulgated by the department”, which presumably are definite, and therefore, provide notice of the requirements for eligibility, and the duty imposed upon recipients of the food stamp program. In fact, title 7 (§ 2014, subd [d]) of the United States Code, provides, in relevant part, as follows: “Household income for purposes of the food stamp program shall include all income from whatever source excluding only * * * (3) all educational loans on which payment is deferred, grants, scholarships, fellowships, verterans’ educational benefits, and the like to the extent that they are used for tuition and mandatory school fees at an institution *583 of higher education or school for the handicapped”. Although sections 147 and 95 of the Social Services Law, when read in conjunction with this Federal statute, and any regulations promulgated by the Department of Agriculture, which administers the food stamp program, and/or the Department of Social Services, which is responsible for its implementation within the State, may therefore meet the due process question, additional constitutional issues are created.
The legislative power, within the State of New York, is vested, by section 1 of article III of the State Constitution, in the Senate and Assembly, and, of course, any delegation of that power would be unconstitutional. In addition, section 16 of the same article, subject to the exceptions contained in section 21, provides, in effect, that no law may be incorporated into a statute enacted by the Legislature unless the express provisions of the former are set forth. Therefore, to the extent that sections 147 and 95 of the Social Services Law incorporates Federal and/or State regulations, or the Federal statute (US Code, tit 7, § 2014), the above-cited sections of article III of the New York State Constitution may have been violated.
In order for a statute, which imposes criminal liability for the violation of an administrative regulation, for example, to avoid constitutional infirmity on one or more grounds contained in article III of the New York State Constitution it must contain adequate standards or principles. (See Darweger v Staats, 267 NY 290; People v Mobil Oil Corp., 101 Misc 2d 882.) As already observed, there is an absence of any standards or principles contained in the two applicable sections of the Social Services Law. It might be argued that these sections merely provide for the enforcement of existing Federal law, which may already be applicable to recipients of food stamps. (See Conrad v Home & Auto Loan Co., 53 AD2d 48; People v Mailman, 182 Misc 870, affd 293 NY 887.) However, this exception would not cover violations of Federal or State administrative regulations, or Federal statutes, to the extent that they were enacted subsequent to the State statute in question. (Darweger v Staats, supra; Conrad v Home & Auto Loan Co., supra.)
*584 Although the court entertains serious reservations about the constitutionality of sections 147 and 95 of the Social Services Law, insofar as they represent penal statutory provisions, it is unnecessary to decide those issues in the present case. This court adheres to the view that courts of initial jurisdiction should be reluctant to declare acts of the State Legislature unconstitutional, and furthermore, a decision, where possible, should be based upon an alternate reason. (8 NY Jur, Constitutional Law, §§ 44, 48.)
 In the pending case, an alternate ground does exist for dismissal of the indictment. Whether based upon constitutional grounds or not, it is quite clear that in order for sections 147 and 95 of the Social Services Law to take on any meaning, reference must be had to the Federal and/or State regulations, or the Federal statute. Indeed, the People, in their bill of particulars, allege that the defendant violated these sections, and “the rules and regulations of the United States Department of Agriculture through its food stamp manual, and the food stamp manual of the New York State Department of Social Services.” Unfortunately, the instructions to the Grand Jury did not include the substance of any such regulations. After the District Attorney read sections 147 and 95 (subd 3, par [a]) of the Social Services Law, as above quoted in this decision, he summarized the elements necessary to indict someone for the felony of misuse of food stamps, which included evidence that the defendant “was not entitled to said food stamps due to the regulations promulgated by the Department of Social Services and the federal government”. In short, the Grand Jury was not provided with sufficient information to enable it to intelligently decide whether or not a crime had been committed because it was unaware of the substance of any such regulations, at least, based upon the legal instructions. For basically the same reason, the second count of the indictment, which charges offering a false instrument for filing in the second degree, must also be dismissed. This count was based upon a recertification application submitted on or about January 20, 1981, which application requires a recipient of food stamps to list sources of income, but contains no express provision for receipt of an education loan. Thus, the falsity of the infor *585 motion contained in the document is necessarily based upon a definition of income, as specified in any administrative regulations or the Federal statute (US Code, tit 7, § 2014), the substance of which was not provided to the Grand Jury. Indeed, the District Attorney instructed the Grand Jury that the false statement or information, in question, related “to the proper amount of income concerning her (the defendant’s) eligibility as to how much of the value of her food stamps to be received”.
One of the three witnesses called to testify before the Grand Jury was a senior social welfare examiner for the Yates County Department of Social Services. In substance, she testified that the State and Federal administrative regulations required the defendant to report her school loan as income, to the extent that it exceeded tuition and mandatory fees. CPL 190.25 (subd 6) expressly provides that the legal advisors of the Grand Jury are the court and District Attorney, and further, “the grand jury may not seek or receive legal advice from any other source.” It is impermissible, as in this case, for a witness to render legal advice to the Grand Jury. (Matter of Report of Special Grand Jury of County of Monroe Empanelled Feb. 14,1978, 77 AD2d 199.) This witness could not therefore supply the deficiency in the Grand Jury instructions, which the court concludes impaired the integrity of the Grand Jury proceeding and prejudiced the defendant, and generally, rendered the proceeding defective. (CPL 210.35, subd 5.)
Accordingly, it is hereby ordered that the indictment be and the same is hereby dismissed.