■ LONG ISLAND LIGHTING COMPANY et al., Appellants, v LONG ISLAND POWER AUTHORITY et al., Respondents; SHOREHAM-WADING RIVER CENTRAL SCHOOL DISTRICT, Intervenor-Appellant.—In an action, *inter alia,* for a judgment declaring that Public Authorities Law (Long Island Power Authority Act) § 1020-h (3) (b), (c), (d), and § 1020-q (3) are unconstitutional, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Wager, J.), entered February 29, 1988, which (1) declared, *inter alia,* that Public Authorities Law

§ 1020-h (3) (b), (c), (d) and § 1020-q (3) are constitutional, (2) determined that the plaintiffs were not entitled to relief under State Finance Law § 123-b (1), and (3) denied their motion for a preliminary injunction, and the intervenor-defendant separately appeals, as limited by its brief, from so much of the same judgment as adjudged that Public Authorities Law § 1020-q (3) was constitutional.

Ordered that the appeal by the plaintiffs is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the judgment is reversed insofar as appealed from by the intervenor-defendant, on the law, without costs or disbursements, and it is declared that Public Authorities Law § 1020-q (3) is unconstitutional (see, Matter of Long Is. Light. Co. v Assessor of Town of Brookhaven, 154 AD2d 188).

After the plaintiffs perfected their appeals, the plaintiff Long Island Lighting Company (hereinafter LILCO) sold the Shoreham nuclear plant to the defendant Long Island Power Authority (hereinafter the LIPA) for the sum of $1 (see, Matter of Citizens for an Orderly Energy Policy v Cuomo, 159 AD2d 141, affd 78 NY2d 398). Although the sale was intended to put an end to all pending litigation between LILCO and LIPA (see, Long Is. Light. Co. v Cuomo, 888 F2d 230, 232), nevertheless, the individual plaintiff, Herbert Jaffe, a LILCO shareholder, continues to challenge, on constitutional grounds, various provisions of the Long Island Power Authority Act.

The first of these provisions, Public Authorities Law § 1020-q (3), was previously held to be unconstitutional by this court in a related tax certiorari case (see, Matter of Long Is. Light. Co. v Assessor of Town of Brookhaven, supra). Accordingly, so much of the judgment of the Supreme Court as sustained the constitutionality of Public Authorities Law § 1020-q (3) must be reversed.

The remainder of the challenged provisions generally pertain to the LIPA's power to acquire the stock of LILCO through a corporate takeover. Under the realities of this case, including the entire history of the Shoreham plant, such an eventuality may not come to pass. Accordingly, the remainder of the appeals are dismissed as academic (see, Cuomo v Long Is. Light. Co., 71 NY2d 349; see also, Town of Islip v Cuomo, 147 AD2d 56, 66; New York Pub. Interest Research Group v Regan, 91 AD2d 774, 775; Long Is. Light. Co. v Cuomo, supra). Thompson, J. P., Lawrence, Balletta and O'Brien, JJ., concur. [See, 138 Misc 2d 745.]