[890 NYS2d 306]

RYAN, INC., Formerly Known as RYAN & COMPANY, INC., Plaintiff, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Defendants.

Supreme Court, New York County, November 12, 2009

**APPEARANCES OF COUNSEL**

*Andrew M. Cuomo, Attorney General*, New York City, for defendants. *Morrison & Foerster, LLP*, New York City, for plaintiff.

WALTER B. TOLUB, J.

This is a declaratory judgment action by which plaintiff Ryan, Inc. (formerly known as Ryan & Company, Inc.) seeks a judgment declaring that Tax Law § 210 (1) (g) (1), as in effect during the years 2003-2007, was unconstitutional because it imposed a tax on S corporations based on the corporation's gross payroll, regardless of whether such payroll related to services provided by persons located in New York.

By this motion defendants New York State Department of Taxation and Finance and Robert L. Megna, sued in his capacity as Commissioner of Taxation and Finance of the State of New York, move, pursuant to CPLR 3211 (a) (1), (2) and (7), for an order dismissing the complaint.

Plaintiff cross-moves for summary judgment, pursuant to CPLR 3212 (e), for an order declaring that Tax Law § 210 (1) (g) (1), as in effect during the years 2003-2007, was unconstitutional.

## Background and Factual Allegations

Plaintiff is a Delaware corporation whose principal place of business is in Texas. Plaintiff began doing business in New York on December 1, 2003 and has an office located in New York, New York. Plaintiff is an eligible S corporation pursuant to Tax Law § 660. (Plaintiff's mem of law in opposition at 4.)

During the tax years 2003-2007, under Tax Law § 210 (1) (g), S corporations were required to pay a franchise tax, also named a "fixed dollar minimum tax" (FDMT), at a rate determined based on the nationwide gross payroll of the corporation taxed. (Tompkins's affirmation ¶ 5.) "Gross payroll" is defined as "the same as the total wages, salaries and other personal service compensation of all the taxpayer's employees, within and without this state . . . except that general executive officers shall not be excluded." (Tax Law § 210 [1] [d] [2] [A], quoted in plaintiff's mem of law in opposition at 5.)

For the year 2003, plaintiff computed and paid a prorated FDMT based on its total wages. For the years 2004 and 2007, plaintiff computed and only paid the FDMT based on its New York gross wages. Plaintiff did not follow the statutory formula because it believed it was unconstitutional, since it imposed an FDMT based on the corporation's gross payroll, regardless of whether any of the payroll related to services provided by

persons located in New York. Plaintiff states that the FDMT provided for by the statute would demand that an S corporation "that has no New York employees and has only a small amount of New York property and sales would pay the same FDMT as an S corporation where 100% of its payroll, property and sales are New York-sourced." (Plaintiff's mem of law in opposition at 6.)

Defendants audited plaintiff, and, on October 25, 2007, issued a notice of deficiency (Notice) that plaintiff owed an additional $15,158.36 in FDMT (an amount including penalties and interest) for the tax year 2004. Plaintiff received this Notice because it calculated its FDMT tax liability based on its New York payroll, versus its nationwide payroll. The FDMT for the year 2004 as it appeared in the tax schedule, according to plaintiff's calculations, should have been $325. On January 25, 2008, plaintiff filed a request for a conference with the Bureau of Conciliation and Mediation Services. It rescinded this request on May 8, 2008. On August 1, 2008, plaintiff filed a petition for a hearing with the Division of Tax Appeals.

On October 29, 2008, defendants determined that plaintiff did not owe the amount due in the Notice, and informed plaintiff of such. (Defendants' exhibit E.) Defendants state that

> "[b]ased on audit, and the specific and individual facts relating to the operation of plaintiff's business, DTF has determined that plaintiff does not owe the FDMT as calculated based on nationwide gross payroll for the tax year and all other open tax years but, instead, may, as it did in 2004, submit the FDMT based on its New York payroll." (Tompkins's affirmation ¶ 14.)

On December 4, 2008, an order of discontinuance of the petition for hearing was entered by the Division of Tax Appeals and the proceeding was dismissed with prejudice. (Defendants' exhibit F.) Defendants have also informed plaintiff that they are issuing refunds to plaintiff for the tax years of 2005 and 2006 based on the difference in the amount of FDMT plaintiff paid based on its gross payroll versus its New York payroll. (Defendants' exhibit G.) Specifically, as per the tax schedule in the statute for 2005, plaintiff paid the FDMT in the amount of $425 based on its New York payroll. It also paid an additional $19,271.21, so that its total payment reflected the FDMT calculated based on nationwide payroll, plus interest and penalties. According to defendants, this $19,271.21 will be refunded

to plaintiff so that it is only required to pay the FDMT based on its New York payroll. Similarly for 2006, plaintiff will be receiving a refund of $9,384.34 which is the FDMT payment it made, plus interest and penalties based on its nationwide payroll. Plaintiff also paid $425 in FDMT for the tax year 2006 as per statute. Defendants also agreed to take no collection action for the year 2007. For the tax year 2007, plaintiff paid the FDMT in the amount of $425, which was based on its New York payroll.

Plaintiff paid the FDMT for the tax year 2003 in the amount of $750, based on its gross receipts. No notice of deficiency was sent to plaintiff for the tax year 2003.

For the tax years after 2007, the FDMT provisions have been amended so that the franchise tax on S corporations is determined based on New York receipts, which is the amount of New York business attributable to the corporation. (Tax Law § 210 [1] [d] [4]; [g]; *see also* Tax Law § 210 [3] [a] [2] [for method of determining New York receipts].)

On March 6, 2009, plaintiff filed claims for a refund for all the FDMT it paid on its New York gross receipts. This includes $750 for 2003, $325 for 2004, and $425 each for the years 2005-2007. (Plaintiff's exhibit 4.)

On July 31, 2008, plaintiff filed a complaint for a declaratory judgment, seeking a declaration that Tax Law § 210 (1) (g) (1), as in effect for the tax years 2003-2007, was unconstitutional because it imposed an FDMT based on the S corporation's gross payroll versus its New York payroll. Plaintiff alleges that since this tax was unapportioned, it violated the Commerce and Due Process Clauses of the United States Constitution.

Defendants move, pursuant to CPLR 3211 (a) (1), (2) and (7), for an order dismissing the complaint. Defendants argue that plaintiff lacks standing to bring a claim since it received refunds for any tax based on its nationwide payroll that it paid for the years in question. Defendants also argue that the issue is moot since, after the tax year 2007, the FDMT statute has been amended and superceded so as to only include New York receipts.

Plaintiff argues that the defendants issued refunds to it, after the complaint was filed, in an "apparent attempt to avoid a public decision and the many refund claims that would result."[1] (Plaintiff's mem of law in opposition at 1.) Plaintiff argues that

---

1. Even though plaintiff argues that by issuing a refund, defendants have purposely tried to circumvent an outflow of further claims, it is not for the

similarly unapportioned taxes have been held to violate the Federal Constitution, most recently in California. It claims that it does have standing as it suffered an injury-in-fact. Plaintiff also maintains that the claim is not moot, even though there has been subsequent legislation.

## Discussion

### I. Dismissal

Defendants move to dismiss the complaint against them pursuant to CPLR 3211 (a) (1), (2) and (7). On a motion to dismiss pursuant to CPLR 3211, the facts as alleged in the complaint are accepted as true, the plaintiff is given the benefit of every possible favorable inference, and the court must determine simply whether the facts alleged fit within any cognizable legal theory. (*P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V.*, 301 AD2d 373, 375 [1st Dept 2003]; *see also Mendelovitz v Cohen*, 37 AD3d 670, 671 [2d Dept 2007].) A motion brought pursuant to CPLR 3211 (a) (1) "may be granted where 'documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law.' " (*Held v Kaufman*, 91 NY2d 425, 430-431 [1998], quoting *Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Foster v Kovner*, 44 AD3d 23, 28 [1st Dept 2007] ["(t)he documentary evidence must resolve all factual issues and dispose of the plaintiff's claim as a matter of law"].)

### II. Standing

It is well settled that a plaintiff may not proceed with an action in the absence of standing. (*Stark v Goldberg*, 297 AD2d 203, 204 [1st Dept 2002].) The Court of Appeals has held that

> "[a] plaintiff has standing to maintain an action upon alleging an injury in fact that falls within his or her zone of interest. 'The existence of an injury in fact—an actual legal stake in the matter being adjudicated—ensures that the party seeking review has some concrete interest in prosecuting the action which casts the dispute "in a form traditionally capable of judicial resolution." ' " (*Silver v Pataki*, 96 NY2d 532, 539 [2001], quoting *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772 [1991].)

---

court to contemplate defendants' motivation. The record demonstrates that, on December 4, 2008, an administrative law judge resolved plaintiff's dispute by issuing a judgment in favor of plaintiff.

a. Tax Years 2004-2007

Plaintiff argues that it suffered an injury-in-fact because, despite defendants' return of the FDMT paid on gross nationwide wages for the years 2004-2007, it still made those payments under an allegedly unconstitutional provision. Plaintiff also maintains that the full amount of FDMT for 2003 is still in dispute, as are the New York-based portions of the FDMT for the years 2004 through 2007. However, as set forth below, the court cannot identify an injury suffered by the plaintiff at this time, and plaintiff does not have standing to pursue its claim, which must be dismissed.

Plaintiff's first argument is that it suffered an injury-in-fact when it was required to pay taxes under an unconstitutional statute. Plaintiff's entire contention with respect to the FDMT from 2003-2007 is that the issuance of a tax based on gross nationwide receipts, rather than solely on New York-based receipts, is unconstitutional. An injury-in-fact has been explained as being an "aggrievement, or the adverse effect upon [a plaintiff]." (*Matter of Schwartz v Morgenthau*, 7 NY3d 427, 432 [2006].) The injury "must be more than conjectural." (*Matter of Graziano v County of Albany*, 3 NY3d 475, 479 [2004].) Since the inception of this complaint, plaintiff has apparently been refunded the taxes paid as related to its gross receipts. As such, plaintiff's "aggrievement" has been ameliorated and plaintiff no longer maintains an actual stake in the matter being adjudicated. Furthermore, "[t]he adverse impact on a petitioner's pecuniary interests 'must not be a remote and consequential result, but a direct one.' " (*Matter of Waldbaum, Inc. v Finance Adm'r of City of N.Y.*, 74 NY2d 128, 133 [1989], quoting *Matter of Walter*, 75 NY 354, 357 [1878].) Although the plaintiff may have been able to identify an injury before it was refunded the excess FDMT, since it has now been refunded, plaintiff no longer suffers an injury-in-fact. Therefore, there is no applicability of the statute which the court may consider at this time.

Plaintiff then argues that these amounts of the FDMT, even though related to New York receipts, should be refunded, since the entire FDMT, as a whole as enacted between 2003 through 2007, was unconstitutional. As such, plaintiff states that even though the gross payments were refunded, it still suffered an injury by having to pay the New York apportionment. Plaintiff relies on the theory that if the FDMT is declared unconstitutional, plaintiff will be entitled to a refund of the entire amount

of FDMT it paid, even the FDMT solely based on its New York receipts.[2]

Plaintiff's argument is unavailing. First, plaintiff does not dispute the constitutionality of paying taxes to operate in New York. This is evident by plaintiff independently parceling out, and then paying, the taxes it believed it owed based on its New York-based receipts. Plaintiff paid the taxes on its New York-based receipts in accordance with the same percentages, tables and formulas distributed to S corporations who were paying based on gross receipts. It did not dispute the tax schedule as listed in the statute. As such, the court concludes that plaintiff is not contesting the actual percentages used to determine FDMT for New York-based receipts for the years 2004-2007, nor the fact that it would be required to pay taxes to operate in some manner in New York.

Additionally, when a party challenges the constitutionality of a statute, that party must:

> "demonstrate actual or threatened injury to a protected right. Furthermore, even where a litigant may suffer in-fact injury as the result of the application of a statute [the courts] have generally refused to consider the question whether a statute is unconstitutional on its face where it is constitutional as applied to the party challenging it." (*Town of Islip v Cuomo*, 147 AD2d 56, 67 [2d Dept 1989] [internal quotation marks and citations omitted].)

After plaintiff received the refunds, the FDMT as it stood, whether constitutional or not, was no longer being applied to plaintiff. Plaintiff was no longer being "threatened" by a potential application of this statute for the years in question and, due to the amendment of the FDMT, will not have the threat of such application in the future. As such, the alleged unconstitutional statute was not applied to plaintiff, and the FDMT that was applied to plaintiff, the New York-based tax only, is not alleged to be unconstitutional. Accordingly, plaintiff also does not meet the general standing requirements to challenge the constitutionality of the statute. (*See Town of Islip v Cuomo*, 147 AD2d 56 [1989], *supra.*)

It has been held that "[a] particular question of law is academic when it appears that the rights of the parties cannot be affected by [its] determination." (*Id.* at 65 [internal quotation

---

2. The court notes that the issue of constitutionality need not be discussed at this time since, as no issue has been joined pursuant to CPLR 3212 (a), plaintiff's cross motion is premature.

marks and citations omitted].) Even if the plaintiff had standing to pursue its claim, and even if the statute was held to be unconstitutional, there is no judicial determination that would have any outcome affecting the plaintiff. Plaintiff would still be required to pay a New York-apportioned FDMT. As it has already received the money for the amount that was allegedly unapportioned, there is no impact of a judicial remedy for plaintiff and the court's discussion of such becomes academic.

b. Tax Year 2003

Defendants argue that plaintiff's claim for a refund for the 2003 tax payment is time-barred due to a three-year statute of limitations. As such, defendants claim that plaintiff cannot claim an injury-in-fact for payment of the 2003 tax. Plaintiff argues that it disputed payment of the FDMT as an unconstitutional tax as of its 2004 tax return. It also states that, even if the statute of limitations has run out, the tax commission, pursuant to Tax Law § 1096, may refund "erroneously or illegally collected" money which it collected from a taxpayer or other persons. (Plaintiff's surreply at 4.)

The statute of limitations set out in Tax Law § 1087 (a) states that a claim for a refund of an overpayment of tax shall be filed by the taxpayer within three years from the time the return was filed or two years from the time the tax was paid, whichever period expires later.

Plaintiff filed its 2003 tax return on September 15, 2004. It paid the FDMT as based on gross payroll for 2003 in two payments dated March 14, 2004 and September 15, 2004. At the time that it submitted its payment, plaintiff did not file a claim with defendants seeking a refund for the tax year 2003. Attached to its 2004 New York S corporation franchise tax return form, plaintiff submitted a letter to the defendants in which it disputes having to pay the FDMT for the tax year ending December 31, 2004. However, plaintiff did not seek redress for the 2003 FDMT payments until this complaint was filed, and additionally via a refund request with defendants in March 2009. The statute of limitations with regard to the plaintiff's claim for the 2003 FDMT payments expired on September 15, 2007. Although under Tax Law § 1096 (d) the tax commission has the discretion to return money erroneously paid, this does not revive a stale claim which has missed its statute of limitations relevant to the current complaint.

III. Other Potential Plaintiffs

Plaintiff has indicated that the FDMT for the years 2003-2007 continues to impact it as well as innumerable other tax-pay-

ing S corporations. Although plaintiff believes that its issue presented is one of "vital public concern," this does "not entitle a party to standing." (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d at 769.) Plaintiff did not bring a class action lawsuit seeking judicial review. In general, "if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations." (*People v Quiroga-Puma*, 24 Misc 3d 29, 31 [App Term, 2d Dept 2009] [internal quotation marks and citations omitted].) Any other S corporation which objects to the FDMT for the years in question which has not yet requested or received a refund is entitled to seek review of its situation either with the defendants or through the judicial system.

Furthermore, this court will not issue an advisory opinion as a preventative measure for all future plaintiffs. It is well settled that "[t]he courts of New York do not issue advisory opinions for the fundamental reason that in this State [t]he giving of such opinions is not the exercise of the judicial function." (*Matter of Joint Queensview Hous. Enter. v Grayson*, 179 AD2d 434, 436 [1st Dept 1992] [internal quotation marks and citations omitted].) Although plaintiff has not established standing, there are other forums available to plaintiff to express concern over governmental regulations, such as through public hearings or through the publicly elected Legislature.

As a result of the court's finding that plaintiff does not have standing to pursue the action, plaintiff's other arguments need not be addressed, and its cross motion is denied as moot.

## Conclusion

Accordingly, it is ordered that the motion to dismiss the complaint brought by defendants New York State Department of Taxation and Finance and Robert L. Megna, sued in his capacity as Commissioner of Taxation and Finance of the State of New York, is granted; and it is further ordered that the cross motion for summary judgment brought by plaintiff Ryan, Inc. (formerly known as Ryan & Company, Inc.) is denied; and it is further ordered that the complaint is dismissed with costs and disbursements to defendants as taxed by the clerk of the court upon the presentation of an appropriate bill of costs.