◼ ENCORE COLLEGE BOOKSTORES, INC., Respondent-Appellant, v CITY UNIVERSITY OF NEW YORK et al., Appellants-Respondents, et al., Respondent. [905 NYS2d 573]—Appeals from order, Supreme Court, New York County (Lewis Bart Stone, J.), entered December 10, 2008, which, in an article 78 proceeding challenging respondents' Pell Grant Purchase Advance Program (the Program) at Borough of Manhattan Community College (BMCC) and Kingsborough Community College (Kingsborough), denied respondents' cross motions to dismiss the petition, directed respondents to terminate the Program, and dismissed petitioner's Donnelly Act claim, unanimously dismissed, without costs, as academic.

Under the challenged Program, Pell Grant funds are automatically debited from students' accounts with BMCC and Kingsborough when they purchase textbooks at the bookstores operated by nonparty Barnes & Noble College Bookstores on the BMCC and Kingsborough campuses. Petitioner, which operates bookstores adjacent to the BMCC and Kingsborough campuses, claims that the Program violates federal regulations promulgated under the Higher Education Act of 1965 (HEA) pursuant to which the Pell Grant program was established (20 USC § 1070 *et seq.*), causes respondents to violate their fiduciary duties as institutions disbursing federal HEA funds, and constitutes an illegal contract or agreement for monopoly or in restraint of

trade in violation of the Donnelly Act, and sought an injunction requiring respondents to terminate the Program at BMCC and Kingsborough.

Respondents voluntarily discontinued the Program at Kingsborough before Supreme Court's decision, which dismissed the petition as against the Kingsborough respondent based on a stipulation of discontinuance, and at BMCC during the pendency of the appeals. Presently, Pell Grant advances are disbursed to students by check or direct deposit, with the result that the funds can be used to purchase textbooks from any vendor, not just the Barnes & Noble campus store.

The appeals are moot and must be dismissed. That respondent City University of New York (CUNY) still operates the Program at other campuses, albeit in a modified form requiring prior written authorization from the students or their parents, and the possibility that CUNY and respondent BMCC Auxiliary Enterprises Corp. may seek to reinstate the program at BMCC in its original or modified form under certain circumstances, the likelihood of which are not clear, are not sufficient reasons to consider the merits of an appeal that no longer involves an actual controversy between the parties in this particular case, and where the issues raised are not such as to typically evade review and are not substantial (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713-714, 714-715 [1980]; *Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d 727, 729 [2004]).

We have considered the parties' other contentions and find them unavailing. Concur—Friedman, J.P., Nardelli, Moskowitz, Freedman and Manzanet-Daniels, JJ.

Motion to supplement the record denied.