■ RYAN, INC., Appellant, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. [920 NYS2d 358]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered November 13, 2009, which granted defendants' motion to dismiss the complaint as moot and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

The New York State franchise tax on S corporations was calculated for tax years 2003 through 2007 as a fixed-dollar-minimum tax (FDMT) based on the corporation's national gross payroll (wages, salaries and other personal compensation),

which included all the taxpayer's employees, after exclusion of its chief executive officer payroll, within and without New York State (see Tax Law § 210 [1] [d] [2] [A]). Plaintiff commenced this action seeking a declaration that this provision of the Tax Law violates the Due Process and Commerce Clauses of the United States Constitution to the extent it imposes tax based on gross payroll regardless of whether any of the gross payroll is related to services provided by individuals located in New York. Plaintiff also filed an administrative petition asserting this claim. Thereafter, respondents took the remedial actions of refunding plaintiff the amounts of its FDMT payments for tax years 2004 through 2006 that were based on its out-of-state payroll, cancelling the notice of deficiency they had issued against plaintiff for tax year 2004, and assuring plaintiff that they would not assess a deficiency against it for tax year 2007. These actions, which provided a full remedy to plaintiff, along with the Legislature's subsequent amendment to the statute revising the unapportioned tax scheme (see L 2008, ch 57, part AA-1, § 2; Tax Law § 210 [d] [4]), rendered this action moot.

Plaintiff failed to establish an exception to the mootness doctrine by showing that the flawed tax scheme is likely to be imposed again or that the issues raised typically evade review or are substantial and novel (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; Encore Coll. Bookstores, Inc. v City Univ. of N.Y., 75 AD3d 442 [2010]).

Plaintiff's contention that an actual controversy remains because respondents refused to refund all the tax payments it made under the statute is unavailing, since plaintiff did not allege in either the petition or the complaint that the franchise taxes it voluntarily paid based on its own computation derived from its in-state payroll were improper, and did not request a refund of those amounts. Indeed, plaintiff's voluntary payment of those amounts shows that plaintiff considered its calculated tax liability based on its New York State payroll to be proportional and constitutionally valid.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Renwick, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 26 Misc 3d 563.]**