Lavine v State of New York (2024 NY Slip Op 03933)

Lavine v State of New York

2024 NY Slip Op 03933

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

286 CA 23-01332

[*1]GARY J. LAVINE, PLAINTIFF-APPELLANT,
v
STATE OF NEW YORK, KATHY HOCHUL, AS GOVERNOR, ANDREA STEWART-COUSINS, AS TEMPORARY PRESIDENT OF SENATE, ROBERT ORTT, AS SENATE MINORITY LEADER, CARL HEASTIE, AS ASSEMBLY SPEAKER, WILLIAM BARCLAY, AS ASSEMBLY MINORITY LEADER AND THE INDEPENDENT REVIEW COMMITTEE, DEFENDANTS-RESPONDENTS. 

BOUSQUET HOLSTEIN PLLC, SYRACUSE (JOHN L. VALENTINO OF COUNSEL), FOR PLAINTIFF-APPELLANT.
PHILLIPS LYTLE LLP, BUFFALO (CRAIG R. BUCKI OF COUNSEL), FOR DEFENDANT-RESPONDENT KATHY HOCHUL, AS GOVERNOR. 
HANCOCK & ESTABROOK, LLP, SYRACUSE (ALAN J. PIERCE OF COUNSEL), FOR DEFENDANT-RESPONDENT ANDREA STEWART-COUSINS, AS TEMPORARY PRESIDENT

 Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered February 9, 2023. The judgment declared Executive Law § 94 constitutional, declared that defendant the Independent Review Committee properly acted in accordance with that statute and dismissed plaintiff's cause of action seeking injunctive relief. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by granting the motions and cross-motions pursuant to CPLR 3211 (a) (3), vacating the first decretal paragraph, and dismissing the complaint in its entirety, and as modified the judgment is affirmed without costs.
Memorandum: In 2022, the New York State Legislature amended Executive Law § 94, abolishing the former Joint Commission on Public Ethics and replacing it with the Commission on Ethics and Lobbying in Government (Commission) (see L 2022, ch 56, part QQ). Defendant Robert Ortt, as Senate Minority Leader, thereafter nominated plaintiff to serve on the Commission. This case arises from the determination of defendant the Independent Review Committee (IRC), the body responsible for vetting nominations for the Commission, not to confirm the nomination.
Plaintiff, alone, commenced this action against defendants seeking, inter alia, injunctive [*2]relief and a declaration that Executive Law § 94 is unconstitutional insofar as it delegated the Senate's "prerogative of advice and consent" to the IRC. Thereafter, defendants Kathy Hochul, as Governor, and the IRC separately moved to dismiss the complaint in its entirety pursuant to CPLR 3211 (a) (3) and (7). Defendants Andrea Stewart-Cousins, as Temporary President of the Senate, and Carl Heastie, as Assembly Speaker, separately cross-moved for an order dismissing the complaint in its entirety and against Heastie, respectively, pursuant to CPLR 3211 (a) (7). In deciding the motions and cross-motions, Supreme Court did not rule on the issue of plaintiff's standing but instead reached the merits of the action. The court effectively granted the motions and cross-motions insofar as they sought relief under CPLR 3211 (a) (7) by dismissing plaintiff's cause of action seeking injunctive relief and declaring "that Executive Law § 94 is constitutional and that it was proper for the [IRC] to reject or approve nominees in accordance with the provisions of [the statute]" (see generally Matter of Kerri W.S. v Zucker, 202 AD3d 143, 149, 151-153 [4th Dept 2021], lv dismissed 38 NY3d 1028 [2022]).
Plaintiff attempted to appeal as of right to the Court of Appeals, and the Court of Appeals, sua sponte, transferred the appeal to this Court "upon the ground that a direct appeal does not lie where questions other than the constitutional validity of a statutory provision are involved" (Lavine v State of New York, 39 NY3d 1174, 1174 [2023]; see CPLR 5601 [b] [2]).
Contrary to plaintiff's contention, we conclude that plaintiff, the sole party challenging the constitutionality of Executive Law § 94 in this case, lacks standing. We therefore conclude that, although the court properly granted the respective motions and cross-motions of Hochul, the IRC, Stewart-Cousins and Heastie (collectively, defendants), it should have done so on the " 'threshold
determination' " of lack of standing rather than on the merits (Matter of Borrello v Hochul, 221 AD3d 1484, 1484 [4th Dept 2023], appeal dismissed 41 NY3d 1006 [2024]). Thus, we modify the judgment accordingly. "Whether a person seeking relief is a proper party to request an adjudication is an aspect of justiciability which, when challenged, must be considered at the outset of any litigation" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769 [1991] [emphasis added]). "Where, as here, a defendant makes a pre-answer motion to dismiss based on lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (Matter of Violet Realty, Inc. v County of Erie, 158 AD3d 1316, 1317 [4th Dept 2018], lv denied 32 NY3d 904 [2018] [internal quotation marks omitted]). "A plaintiff has standing to maintain an action upon alleging an injury in fact that falls within [their] zone of interest" (Silver v Pataki, 96 NY2d 532, 539 [2001], rearg denied 96 NY2d 938 [2001]). "The existence of an injury in fact—an actual legal stake in the matter being adjudicated—ensures that the party seeking review has some concrete interest in prosecuting the action which casts the dispute in a form traditionally capable of judicial resolution" (Society of Plastics Indus., 77 NY2d at 772 [internal quotation marks omitted]).
Here, the issue of plaintiff's standing to challenge the constitutionality of a statute has been properly raised by Hochul and the IRC. We conclude that they met their burden by establishing that plaintiff did not suffer an injury-in-fact and, in response, plaintiff failed to raise a question of fact as to his standing (see generally Violet Realty, Inc., 158 AD3d at 1317; Town of Islip v Cuomo, 147 AD2d 56, 67 [2d Dept 1989]).
The issue of plaintiff's standing applies to all defendants, even those who have not raised that issue. "[L]ack of standing in the context of the constitutionality of a statute is not a matter for waiver by parties, for it is the courts which must decide whether the parties have a sufficient stake in the litigation to necessitate constitutional adjudication, and one party does not have the ability to confer standing upon another" (Matter of Daniel C., 99 AD2d 35, 46 [1984], affd 63 NY2d 927 [1984]; see Uhlfelder v Weinshall, 47 AD3d 169, 183 [1st Dept 2007]).
In light of our determination, we do not address plaintiff's remaining contentions.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court